UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN KIBLER,<br><br>    Respondent. | No. 2:21-cv-1397 JAM KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

    Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As set forth below, the undersigned recommends that respondent's motion to dismiss be granted based on petitioner's failure to exhaust his state court remedies, and failure to state a cognizable federal habeas claim.

<u>Background</u>

    On April 5, 2019, petitioner was convicted of making a criminal threat and dissuading a witness from reporting a crime, and certain enhancements were found true, and he was sentenced to 16 years in state prison. (ECF No. 1 at 2.)

    On April 26, 2021, the California Board of Parole Hearings ("Board") denied petitioner parole under the Determinately-Sentenced Nonviolent Offender Parole Process. (ECF No. 1 at 13-16.) Such denial was affirmed by the Board in the July 18, 2021 decision review. (ECF No. 1 at 10-11.) Petitioner was served with the Board's jurisdictional review on July 29, 2021. (ECF

No. 1 at 17.)

On August 6, 2021, petitioner filed a petition for writ of habeas corpus challenging the Board's decision finding him unsuitable for parole under Proposition 57.

On November 12, 2021, respondent filed a motion to dismiss. Plaintiff then filed a motion for extension of time to oppose the motion to dismiss; subsequently he filed two documents entitled "opposition" to the motion to dismiss.

Motion for Extension

Because petitioner subsequently filed oppositions, the undersigned denies petitioner's motion as moot.

Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

Motion to Dismiss:  Exhaustion

    Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Discussion

Petitioner contends he exhausted his claims by submitting a petition to the Sacramento County Superior Court which informed petitioner that the court was backlogged and did not have enough judges to address the matter due to the Covid-19 pandemic. (ECF No. 24 at 2.) However, petitioner did not provide a copy of any letter or order from the Sacramento County Superior Court to that effect.[2] In his second opposition, petitioner refers to a notice issued by this court's Chief Judge addressing this court's shortage of judges and informing litigants of their right to consent to the jurisdiction of magistrate judges. (ECF No. 25 at 2.) However, such notice does not apply to state courts, only to the United States District Court for the Eastern District of California.

Moreover, review of the state appellate courts website confirms that petitioner has not filed a petition for writ of habeas corpus challenging the 2021 denial of parole under Proposition 57 in either the Third District Court of Appeal or the California Supreme Court.[3]

After reviewing the petition for habeas corpus, as well as public state court records, the court finds that petitioner failed to exhaust state court remedies. The claims were not presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[4]

---

[2] In addition, review of petitioner's Sacramento County Superior Court case No. 18FE006985 reflects that the last document filed was a remittitur on December 22, 2020. People v. Jarvon Green, No. 18FE006985 (Sacramento County). There is no entry for a petition for writ of habeas corpus after petitioner's November 26, 2018 jury trial on petitioner's underlying criminal charges. Id. Judicial notice is taken of court dockets in the state court proceedings. Fed. R. Evid. 201(b); Dawson v. Mahoney, 451 F.3d 550, 551 n.1 (9th Cir. 2006). The Sacramento County Superior Court website is <https://services.saccourt.ca.gov/PublicCaseAccess>.

[3] The court takes judicial notice of petitioner's records in the state appellate courts, available at http://appellatecases.courtinfo.ca.gov. Dawson, 4511 F.3d at 551 n.1.

[4] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Motion to Dismiss:  Failure to State a Claim

Alternatively, respondent contends that petitioner's claim that the Board erred in weighing the evidence before the Board is based solely on alleged violations of state law and therefore fails to state a cognizable federal habeas claim.

In his pleading, petitioner claims that the Board failed to properly weigh petitioner's mental health, cognitive difficulties, and hearing impairment in mitigation, and improperly considered facts in aggravation, including facts concerning his underlying crime and prior criminal history.  Petitioner essentially claims that the Board misinterpreted state law by determining that he was not entitled to the parole provisions offered to nonviolent prisoners under Proposition 57.

The application of Proposition 57 is exclusively a matter of state law.  Federal courts may entertain an application for a writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "[F]ederal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 215, 219 (2011) (internal quotations and citations omitted); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state court determinations on state law questions).  Indeed, the Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Cooke, 562 U.S. at 220-21.

Because federal habeas corpus only provides a remedy for violations of the Constitution or laws or treaties of the United States, petitioner's claim of state law error is not cognizable.  See Cooke, 562 U.S. at 222 ("the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts.").  See also Wilson v. Biter, 2018 WL 3197815, at *2 (E.D. Cal. June 26, 2018) (dismissing claim of Proposition 57 error because it was "not cognizable under federal habeas review"); Alexander v. Gastelo, 2019 WL 1104616, at *3 (C.D. Cal. Jan. 29, 2019) (dismissing claim of state law error under Proposition 57 because it is not cognizable); Johnson v. Federal Court Judges, 2020 WL 2114931, at *5 (C.D. Cal. March 20, 2020) (same).

<u>Motion for Appointment of Counsel</u>

In his first opposition, petitioner renewed his request for appointment of counsel. (ECF No. 24 at 2.) However, in light of the instant recommendations, petitioner's request is denied.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for extension of time (ECF No. 23) is denied as moot; and

2. Petitioner's motion for the appointment of counsel (ECF No. 24) is denied.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be granted;

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 7, 2022

/gree1397.mtd.hc.fte

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE